**Harold L. ARMSTRONG, Plaintiff–Appellant,**

v.

**KEATING, Defendant–Respondent.**

**No. 08–17214.**

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.[*]

Filed June 22, 2010.

---

Harold L. Armstrong, Susanville, CA, pro se.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Misha Igra, Esquire, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, for Defendant–Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Harold L. Armstrong, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendant improperly withdrew exempt funds from his trust account to pay restitution in connection with his criminal case. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Valdez v. Rosenbaum,* 302 F.3d 1039, 1043 (9th Cir.2002), and we affirm.

The district court properly granted summary judgment for defendant because Armstrong failed to raise a triable issue as to whether the funds in his account were exempt from withdrawal for restitution or whether defendant was personally involved in withdrawing the funds. *See Nilsson v. City of Mesa,* 503 F.3d 947, 952 n. 2 (9th Cir.2007) (explaining that a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact" (internal quotation marks and citation omitted)); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir.2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation....").

Armstrong's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.